UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     v.                                     Case No. 21-cr-00623 CRC

MICHAEL ECKERMAN

## MOTION TO SUPPRESS IDENTIFICATION EVIDENCE

Comes now the Defendant, Michael Eckerman, by and through undersigned counsel to respectfully this Court to suppress as evidence against him any identification of the defendant as the perpetrator of an assault on Officer K.Y. on January 6, 2021 in the U.S. Capitol.  As set forth below, law enforcement officers used identification procedures in this case that were unnecessarily suggestive and the resulting identification evidence is unreliable. As a result, testimony about out-of-court and in-court identifications should be excluded at trial.

    1.   In count Two of the superseding indictment, Mr. Eckerman is charged with an assault upon Officer K.Y. during a chaotic struggle with a large number of people very close together and pushing against the few officers present and pushing against each other in an event that happened very quickly and suddenly in 176-KC-3427834 Serial 36 1A0000019_0000002 in the discovery packet Eckerman 14.

    2.   According to discovery provided by the prosecution, on January 6, 2021 the defendant assaulted Officer K.Y.  In an e-mail labelled as EXTERNAL EMAIL-video inquiry-redacted in

1

Eckerman Discovery 14-Witness statements dated August 22, 2021, seven months later, the FBI had sent the officer a photo of the defendant and a video clip. To best of counsel's knowledge no photos of anyone other than Mr. Eckerman was shown to the officer. The officer identified the defendant as the person who assaulted him at the Capitol.

3. We submit that the FBI could having easily presented him with a photo array or just a video of the events which would have been substantially less suggestive. Moreover, the FBI Agent in question described the photo as a "snipped" photo in 176-KC-3427834 Serial 36 in the discovery packet Eckerman 14.

4. Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. Manson v. Braithwaite, 432 U.S. 98, 107 (1977); see Simmons v United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, 301-02 (1967).

5. "[R]eliability is the linchpin in determining the admissibility of identification testimony." Manson v. Braithwaite, 432 U.S. at 114. When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior

description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id.

6. After an out-of-court identification that was unduly suggestive, the prosecution can elicit an in-court identification only after demonstrating that any in-court identification by the witness rests on a source independent of the tainted pretrial identification. See United States v. Wade, 388 U.S. 218, 241 (1967). If an out-of-court identification is unreliable and hence inadmissible, any subsequent in-court identification almost always will be inadmissible.

7. In this case, the FBI used unnecessarily suggestive identification procedures giving rise to a "substantial likelihood of irreparable misidentification" of Mr. Eckerman. See Manson v. Braithwaite, 432 U.S. at 107. The Court should suppress evidence of both out-of-court and in-court identifications of Mr. Mr. Eckerman. Based upon the information already provided by the prosecution in discovery, however, the defense has set forth below specific concerns with some of the identification procedures.

8. Mr. Eckerman does not know what law enforcement officers said when they displayed the photo and video clip to the officer at issue, or what the witness said when making his identification, as all we have is the email.

9. Mr. Eckerman requests an evidentiary hearing about the circumstances of the identifications, so that he can demonstrate

to the Court the unnecessary suggestivity of the procedures and the unreliability of the resulting identifications of Mr. Mr. Eckerman.

10. For the foregoing reasons, and any others which may appear to the Court following a hearing, Mr. Eckerman requests that the Court grant a hearing and suppress the identification evidence.

WHEREFORE, we pray that this Motion be granted.

Respectfully submitted,

/s/ *Richard S. Stern*
_____
RICHARD S. STERN
932 Hungerford Drive
Suite 37A
Rockville, MD 20850
301-340-8000
rssjrg@rcn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically served all counsel of record on September 28, 2022.

/s/ *Richard S. Stern*
_____
RICHARD S. STERN