UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                 Case No. 21-cr-00623 CRC

MICHAEL ECKERMAN

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Comes now the defendant, by and through his attorney, Richard S. Stern, to respectfully move this Honorable Court to sentence Mr. Eckerman to a sentence below the guidelines with appropriate conditions.

As grounds therefore, we state as follows:

1.      On November 8, 2022, the defendant pled guilty, pursuant to Rule 11(c)(1)(B), to Count Two of the Superseding Indictment, which charged Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 USC §§ 111(a)(1). The defendant acknowledged that a conviction for the offense carries a maximum sentence of eight years of imprisonment, 18 USC § 111(a)(1); a term of supervised release of not more than three years, 18 USC § 3583(b)(2); and a fine not to exceed $250,000. In addition, Mr. Eckerman agreed to pay a $100 special assessment.

2.      No more favorable plea had been previously offered by the government. The government agreed not to ask the Court to incarcerate him after the plea and agreed to limit their allocution to the bottom of the guidelines, in this case, twenty-four months.

3.      While on pretrial release, Mr. Eckerman has done everything required of him and the Court has had no report of any violations. ECF 103 ¶15.

4.     Mr. Eckerman has been open and honest with the probation officer and fully cooperative in the process of completing the presentence report.  Also required of him was to be debriefed by the FBI, with which he fully complied and answered all questions posed to him to their satisfaction.  He also agreed to allow the FBI to search his social media.

5.     Mr. Eckerman had no criminal record before the events of January 6, 2021, and has had no arrests since the arrest in this case.

6.     There is nothing in his life that should cause the Court any concerns about how he will conduct himself while on under the Court's supervision.

7.     Once the plea was agreed upon, this Court accepted his plea on November 8, 2022.  Mr. Eckerman accepted all terms of the plea before this Court without contesting or minimizing any fact contained in the agreed-upon statement of facts.  ECF 103 ¶52.

8.      The final presentence report shows that the defendant's conduct did not warrant any mitigating or aggravating role.  Moreover, there is no allegation that Mr. Eckerman obstructed justice in this matter. ECF 103 ¶48, 51.

9.     Mr. Eckerman has fully complied with all terms required of him in the plea agreement and has accepted responsibility.  ECF 103 ¶52.

10.      We move that no financial penalty be given in this case (other than the agreed upon restitution of $2,000.00 and the special assessment) as the presentence writer has determined the defendant does not have sufficient funds to pay a fine. ECF 103 ¶102.

11.     As noted in the presentence report Mr. Eckerman is the main financial support for the family of five as he has a wife and three children.  He is currently employed and his income is very much needed by the family to maintain the family home as well as the needs of the children.  Thus we would move that a sentence below guidelines would be appropriate given the family's needs as his contributions cannot be meaningfully replaced and we would seek as much of the sentence as possible to be home detention; so that he could work and come home each night.

12.     There are not the usual concerns in this case that the Court would have in other criminal cases, let alone a felony case.  Mr. Eckerman is not a danger to the community and there is no danger of flight.  Moreover, he is not in need of supervision as he is a very mature and responsible individual who does not have any drug or alcohol problems or mental illness issues. He has worked his way up the ladder to become a manager of a trucking firm in Wichita, Kansas which requires substantial responsibility.

13.     His family, friends and co-workers speak highly of him as a good worker and a good man.  They have written letters on his behalf which we have attached to this memorandum as Exhibit 1.

14.     His grandparents David and Barbara Eckerman speak very highly of him and know him to be a good person.   His brother Donny Eckerman speaks highly of him as being the one who provides for his family, being involved in the children's activities, the church, and the strong love he has for his family. The chief executive officer, James L. Welch, for the company in which he is employed, speaks highly of him as a good worker who manages a difficult job very well.  His uncle, Dennis Eckerman, speaks very

highly of him for being a strong Catholic and raising their children to be Catholics. He notes that they attend church every Sunday.  He details Mr. Eckerman's life, his schooling, his desire to originally become a fireman and gives an overview of how he views his nephew.  His coworker, Boston Ford, speaks highly of him as one with whom he has worked with for the past 6 ½ years at Yellow Freight in Wichita.  He details what a good manager Mr. Eckerman is and how close he is with his family.  He further notes how respected he is in the company and he asks that the court consider this.  Finally, his wife, Sarah Eckerman, tells what a difficult life they once had, how they became the family they are today, and what a good man Mr. Eckerman is.

15.     Mr. Eckerman has been steadily employed for the last twenty years. From 2003 until 2013, he was a third shift manager at Vitran Express in Wichita, Kansas earning $3,000 monthly.  Then from 2013 until 2016, he was a dispatcher and outbound supervisor for R & L Carriers in Wichita, Kansas earning $4,000 monthly.  He began working at his present job with Yellow Freight in Wichita, Kansas in August, 2016. As a Terminal Manager – Cluster I, he manages multiple facilities and supervises 50 people. ECF 103 ¶91-94.

16.     He has worked to make a better life for himself and his family. He has the following certificates as noted in the presentence report:  Pioneer Award from Wichita High School West (05/19/2002); Garden City Community College football scholarship recipient (05/01/2002); Haz-Mat Awareness from Garden City Fire Department (09/23/2002); Candidate Physical Ability Test from Hutchinson Community College Fire Science (09/15/2004 and 05/05/2006); EMT – Basic from The National Registry of

Emergency Medical Technicians (12/18/2004) and EMT Certification from Kansas Board of Emergency Medical Services (02/03/2005).  ECF 103 ¶89.

17.    We submit to the Court that only the minimum jail time should be ordered in this case as he still needs to pay the mortgage on his home.  The family will have great financial difficulties as he is the one to pay most of the bills and provide health insurance, which they may be able to afford without him.   He has been successful in his work through hard work and long hours and he wants to be around to support his family and maintain his present employment, which is not guaranteed as the trucks have to move whether he is there or not.  ECF 103 ¶76.

18.  In sum, we submit that given all the above, a reasonable period of incarceration or home detention below the guidelines would be the fair and appropriate sentence in this case.

WHEREFORE, we pray that the Court order the requested sentence with any and all conditions it deems appropriate.

Respectfully submitted,

/s/ Richard S. Stern

_____

RICHARD S. STERN
D.C. Bar No. 205377
932 Hungerford Drive #37A
Rockville, MD 20850
301-340-8000
Email:  rssjrg@rcn.com
Attorney for Mr. Eckerman

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have electronically served all counsel of record on March 2, 2023.


/s/ Richard S. Stern
_____
RICHARD S. STERN